This time we'll hear Gottlieb v. the SEC. May it please the court, I'm Alex Eisman, I represent Mrs. Gottlieb in this appeal. I'll just start off by noting that I have an odd kind of role in this case. I was in the case as counsel, then I was out when they filed pro se briefs. I didn't intend to come back into the case except that Gottlieb asked me if I would come argue. So I'm hoping that my role here will be a person who tries to bring some clarity to what has been briefed pro se. There are not models of perfection, the briefs that you have, but there are some issues in there and I'm hoping to flesh those out. And I understand I also come here deep in a hole because not only are they pro se, but they look terrible, Mrs. Gottlieb looks terrible in the way the SEC has portrayed them. And I'd like to point out some places where the SEC is just flat out wrong in how they recite the record and how it presents a misleading picture. And I remember when I was a law clerk in this courthouse once, we had a case where the post office was on trial and the judge and I said, no, they're going to lose, they're terrible. And an assistant U.S. attorney came in, civil division came, the person who ended up going to Vermont, and Charlie, you might know who this is, came in and turned the case around. And I'm hoping that I'll do something along those lines. I don't know if I can do it as well as she did, but there is merit to the Gottlieb's case buried within all the distractions that you get. So if I could, I'd like to actually turn to the SEC's brief and do what the Gottlieb's probably should have done in their reply. There are about six pages. I just want to point out some things that are just wrong, wrong or just misleading or collapsing facts in a misleading way. I'm looking at page 10 where the SEC talks about Judge Preska giving Mrs. Gottlieb a chance to come back and have her deposition taken when she didn't do it. That's just not right. The sequence of all this is that the SEC filed a, they issued a restraining notice under the New York CPLR that restrained the sale of the sale of this house, the proceeds. They then, everybody knew there would have to be a turnover action initiated somewhere. Both sides started to prepare their lawsuits to try to deal with that. The SEC filed what turned out to have been actually a nullity. They went electronically into the arcane processes in the Southern District of New York. They went and just filed electronically their proposed order to show cause. Well, you're really supposed to give that to the clerk, the judgment orders clerk, to do that. They filed their electronic thing on a Thursday. They were notified before the weekend that they had to correct that on Sunday night. Mrs. Gottlieb filed her case electronically in the Florida State Courts. That was her choice of form. That's lost in this whole process. It's an arcane little piece of procedural niceties, but Mrs. Gottlieb actually started her case properly before the SEC did. She was ordered to be deposed in Miami. Sometime in December, she saw an adjournment was granted it. I think it was over the SEC's objection to adjourn it to January 20th of 2016. She then, five days beforehand, had medical emergencies came. I handled this for her. I have the documents here, the doctor's notes, the surgeries, all the stuff that she tried to do five days before the deposition was supposed to take place in Miami. She's in Brazil because her husband has to move down there because he only gets to work at 75 years old and unable to practice law. He was a lawyer once upon a time. She asked for permission to- Cut to the chase. My understanding is that when this issue was raised, the plaintiff through counsel agreed that the dismissal of the suit would be an appropriate remedy. So whether she was in Brazil or in Kamchatka, it really doesn't much matter when you tell a judge this is appropriate and the judge is inclined to do it, a judge is very likely to do it. Right, the reason why I'm bringing, I'll get right to the answer that Judge Jacobs, the reason why I'm bringing up this background is to sort of give a feel for why the Gottliebs felt like they had no choice at that point. With a judge who was going to, at 4 PM, the night before a deposition in Miami, tell her that her application that she filed five days earlier was denied. And she has to fly somehow, impossible, to fly there. They made a decision that they were not going to win in here. They hoped that somehow they'd be able to preserve their rights to come here. Surely the argument you're making means that dismissal is not an appropriate remedy. Because she's being required on no notice to fly overnight from Brazil. Right, the decision they made- It was a bad decision. Well, you can certainly say that, maybe say that in hindsight, but the time when they thought that the judge who was- Hindsight, this is an appeal. That's what we do. Right. Your Honor, I wasn't planning on doing this appeal because I'm the person that consented. Obviously, it's a needle that I'm trying to thread carefully, but the argument- I don't mean to stick pins into you. That's okay. I'm just reading what happened. We're arguing for abuse of discretion here, right? Right. It's very hard on these circumstances to say that the district court abused its discretion. Judge Razzi, what I'm hoping to do is to move the focus back from the dismissal to the original decision to move this case from Florida. There is going to be, by the way, a jury trial in the underlying, ongoing Southern District of New York turnover proceedings. There's likely going to be a motion to change venue of that to Florida, because there are obviously witnesses to prove these. There are three issues, by the way. Were they protected by the Homestead Law? Were they joint tenants in the entireties which would protect the house? Well, it's going to be in Brazil. What difference does it make whether it's going to be in New York or Miami? They're in the Bahamas now, and they can be deposed now. They could be deposed in Miami. The crises that prevent- Excuse me? New York, so same question that Judge Jacobs put to you. She's not in Florida, so what difference does it make? What difference is which? Whether you're in New York or Florida. Well, as far as trying the case, which is not before you, but your decision might. I'm hoping that whatever decision you write, that it just bears in mind that there could be a venue motion made based on the fact there's a jury trial. Witnesses who have to prove the residency in Florida, the intent to remain in Florida. There's an alter ego claim about a otherwise routine estate planning. Does that have to do with the ability to seize the house? It does have to do with the ability to seize the house. Whether they are residents? It does, it is completely about that. And, but how does that then have to do with the proceeds? The proceeds under Florida's law, under Florida's homestead law, that the proceeds of a homestead sale are themselves protected as homestead proceeds, so they're going to argue that. They're going to argue that they both were, owned these houses once upon a time. They were quick claimed from the wife to the husband, not unusual, and the SEC doesn't attack that. The SEC doesn't attack the rollover of those funds to buy new houses when they sold one house, when she sold a house and got the next one. And so, the argument they made here, that they'll make in the trial is that, even if the SEC is right, and this was all an alter ego sham to make this estate planning device, the proceeds, the houses revert back to their earlier stage. Either a joint tenancy in entirety, or a homestead protected by Florida homestead law, or maybe even Mrs. Gottlieb gets half the proceeds because it's a marital estate. It's a set of house of cards. So, what I'm hoping to do, and I'm maybe doing a little bit of it, but probably not as effectively as I want, is to show that there is merit to the underlying claim that the SEC is overreaching when they filed this restraining notice. They're terrible advocates, but the fact is that your honor's decision in this case, if it's not constrained to the areas, and it provides language that the SEC might say covers this upcoming trial in the Southern District. I'm hoping that you bear that in mind. You've reserved some rebuttals. I'll hold my rest of my points to that. Thanks. May it please the court, Theodore Wyman for the Securities and Exchange Commission. Your honors, if there's merit to the underlying claim, certainly that would be resolved in the steward action that's ongoing in New York. And in fact, since the briefing in this matter, the Judge Preska effectively lifted- What is this case about? I mean, the whole thing is who gets the proceeds from the sale of the house. Exactly, this is a duplicated- And we're sitting here looking at all of this, and you're both saying that that's going to be tried, and it's going to go to trial, it's going to go to a jury. That's exactly right. What are we doing here? I have the same question, because this was filed in Florida, apparently to create a second forum to try this duplicative issue. And that's the important thing to keep in mind with the transfer motion, is that the New York proceedings are ongoing in Stewart, irrespective of this case. And in fact, she's now entered into- In the Florida State Court, and it ended up in Florida Federal Court, now it's here. Yes. And she's in Brazil, and now she's in the Bahamas, the Flying Dutchman. And then I don't even know what the case is about, because the actual issue is going to be tried somewhere else. That's exactly right, and that's exactly why this case was transferred to New York, so that this sort of duplicative forum was sort of written out of the picture, and this will be proceeding at the same time in New York. But this case, although the background is pretty complicated, the issues for appeal are pretty simple because of Mrs. Gottlieb's agreement to the dismissal of this case. I mean, there was focus on the order to appear, and I didn't hear anything misleading about the brief at all. What are you planning to argue down the road as to the significance of the dismissal of this case? What is the consequence? Nothing, simply that this case is gone, as it should be, because it was superfluous. There was no real point to it. There's another case like it going on elsewhere. Identical issue. Basically, this case is, the SEC shouldn't be doing that case in New York, and now she's entered an appearance, filed a notice of claim, defending against that in Stewart, in New York. So there really was no purpose to the case other than, I can't speak to their strategy, but it was always duplicative. The court properly moved it to New York, because it's not a matter of Florida versus New York convenience for this case. It's a matter of everything resolved in New York, one time, one judge, or two cases proceeding simultaneously, addressing the same issue on opposite ends of the coast. So that's why this was transferred. That's why it was sort of treated, acted, it wasn't consolidated, but the court heard everything at the same time, and it was going to be resolved in one place. But ultimately, because of the sanction that Mrs. Gottlieb agreed was appropriate, this was dismissed, and there's no basis for resurrecting it now. Not only did she waive her arguments against the dismissal, which would have been the time to raise any arguments that perhaps there was alternatives to appearing in person, it also eliminates any reasonable basis to contend that the result would have been any different before another judge, whether in New York, if there was an accusal for bias, which is meritless for the reasons discussed in the brief, or if the venue transfer had never been granted. This wasn't dismissed on the merits, the merits weren't reached. There was a sanction, because she skipped the deposition. She agreed that dismissal was appropriate. She said, I should be deemed to have abandoned this case by not appearing. And it was part of a strategic effort, perhaps, to pursue the claim in Stewart in New York. And now that Judge Preska has effectively lifted that portion of the sanctions order, she's entered a notice of claim. So this is going on in New York. There's really no basis to resurrect this case. Judge Preska has entered an order lifting part of the sanctions? Essentially, granting her request to now participate in Stewart. And initially, there were two parts of this order. One was dismissing this action with her agreement. The other part was she can't pursue her claim in Stewart, as by virtue of the same action of skipping the deposition. That's basically been lifted, I think it's docket 286, since the briefing in this case. Who's the judge in the Stewart case? Judge Preska. Judge Preska. And she's basically said, now you can pursue the claim. She interpreted the order, the sanctions order, as limited to this action as a procedural matter. And now she's filed an appearance to her attorney. She's filed a notice of claim. And so this is going on in New York. So there's really no reason to- Are there any issues, I'm just wandering out loud, are there any issues in this case, assuming this were reinstated, that aren't also going to be tried in Stewart? Nothing that I can see, nothing in the complaint. You'd have to ask opposing counsel if there's any sort of- Maybe Mr. Eisenman can answer that. Yeah, but this is all about who owns the funds that are being held. That's what the collection proceedings are about in New York, and that's what she's trying to stop through the Florida proceedings. So there's really nothing else to it. Thank you. Thank you. The point that the SEC makes is right, is that the posture of the Stewart case changed after his briefs were filed. This made a difference at one point. This was one of two ways that Mrs. Gottlieb was trying to assert her claims. Judge Preska entered an overbroad order that said, not only am I going to punish her for- What difference does it make now? Now- Suppose we ruled for you. Right. What would that victory do? Well, it would do one thing in particular. If you held that the decision to transfer this case up to New York was wrong, and there are no factors, really, that satisfied the test. Well, why don't you pass that? That's the consented to action. No, it's the removal. It was removal from state court in Florida to the Southern District of Florida, and then transferred up here over the Gottlieb's objection. The consent is to the transfer to New York. I don't follow you, Judge Radjo, I'm sorry. What did counsel consent to in Florida? No, they did not consent to anything. What did they consent to? The only consent, I think, that's on the table is my consent in the end. Once the case reached the Southern District of New York, the dismissal was an appropriate remedy, considering the judge rejected the arguments that Mrs. Gottlieb shouldn't appear. There is a practical thing. I asked you what difference it would make if we ruled for you. And you're suggesting that the case would be in Florida instead of here. Now, I don't really view that as a substantive distinction. You're asking us to spend our time sorting through this very complicated issue, which with respect, you have not simplified. Notwithstanding your undertaking. Now, if we ruled for you, what difference would it make? It wouldn't do any good to say it would be back in Florida. You basically put your thumb on the scale saying that the case, well, the Gottliebs have briefed this issue, and I'm here to represent them. That they think- They haven't briefed it well, that's why you're here. Your Honor, my role is to, first of all, just try to set a better stage. But secondly, to protect the ongoing proceeding in which I do represent them. In which there is likely going to be a motion made to transfer that case down to Florida, just on simple venue issues. That hasn't been litigated for the staircase. In the other lawsuit. That's right, but I understand if you write a decision in this case, or issue a summary order, not aware of the scope of what might be happening, it's possible it could be a little bit broader than it needs to be. And I'm hoping that whatever you write on this, at least- Let's assume you lose. What do you want us to say? To say that the court's decision about this issue, which is basically mooted by, or waived because of the consent to dismissal, if that's what you decide. Has no bearing on any subsequent motions that might be made to try this jury trial that arises out of Florida issues. You just heard your adversary say he doesn't think it has any impact on anything. In fact, he doesn't know why he's here either. Well, Your Honor, I do know that if there's language in the order that makes it look like venue was proper in the Southern District of New York, it might be used as some sort of precedential opinion from this panel about whether a venue motion should be granted changing it to Florida. The venue is an important thing. The Gottliebs don't have money. The witnesses are all down there. And so as long as you can write on a clean slate and they may win or lose that motion, I'd be satisfied. The Gottliebs might want more, but as long as whatever you decide is just circumscribed to make sure that you're not impinging on what may happen in the other case, I feel like I did my job here. Thank you, thank you both. Thank you. We will reserve decision.